UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERNESTO MANJARES,          ) | |
| ) | |
| Plaintiff,   ) | No. 1:14-CV-3111-LRS |
| ) | |
| vs.   ) | **ORDER OF DISMISSAL** |
| ) | |
| TASER INTERNATIONAL   ) | |
| SCOTTSDALE, AZ   ) | |
| ) | |
| Defendant.   ) | |

Plaintiff has commenced this action *pro se* against Taser International alleging that "[i]n the late months of 2012 [he] was Tased by a product of Taser International which malfunctioned," causing him personal injuries.

In June 2012, Plaintiff, represented by counsel, commenced an action in this court against Taser International, Inc., asserting products liability claims against Taser under the Washington Products Liability Act (WPLA). That action was assigned to the undersigned (CV-12-3086-LRS). In that action, Plaintiff alleged he was tased by a City of Yakima police officer on August 15, 2011. (See ECF No. 23 in CV-12-3086-LRS). On January 10, 2014, the undersigned granted the motion of Plaintiff's counsel to withdraw (ECF No. 51 in CV-12-3086-LRS) and directed Plaintiff to have another attorney enter a notice of appearance or to file a statement of intent to proceed *pro se* within 30 days. On February 18, 2014, the undersigned dismissed the action on the basis

**ORDER OF DISMISSAL-**           1

1 that Plaintiff had not complied with the order to file a notice of appearance or a
2 statement of intent to proceed *pro se*. (ECF No. 54 in CV-12-3086-LRS). On
3 June 24, 2014, the undersigned entered an order denying what it construed as a
4 motion by the Plaintiff to vacate the Order Of Dismissal and to re-open the case
5 (ECF No. 66 in CV-12-3086-LRS), and on August 19, 2014, entered an order
6 denying what it construed as a motion by the Plaintiff for the court to reconsider
7 its Order Denying "Motion" To Vacate And Re-Open (ECF No. 70 in CV-12-
8 3086-LRS).

9       Although the Amended Complaint in the captioned matter (ECF No. 6)
10 refers to an incident in "the late months of 2012," whereas the Second Amended
11 Complaint in CV-12-3086-LRS (ECF No. 23) referred to an incident in August
12 2011, it is apparent from a letter which Plaintiff sent to the court, dated October
13 17, 2014 (ECF No. 5 in CV-14-3111-LRS), that the captioned action involves
14 the same incident as the previous action. Indeed, the captioned action seeks the
15 same amount of compensatory damages ($600,000) as the previous action. In
16 his October 17, 2014 letter, Plaintiff asserts that "new and unforseeable
17 evidence" (sic) justifies him being allowed to commence a new action. "New
18 and unforeseeable evidence" is not the applicable standard and does not excuse,
19 as detailed in ECF No. 66 in CV-12-3086-LRS, the Plaintiff's inability to
20 demonstrate mistake, inadvertence or excusable neglect for his failure in the
21 previous action to have new counsel appear on his behalf or to file a statement
22 of intent to proceed *pro se*.

23       Plaintiff's commencement of the captioned action represents an improper
24 attempt to circumvent the court's orders in CV-12-3086-LRS. Therefore, the
25 captioned action, like the previous action, is **DISMISSED**.
26 //
27 //
28 //

**ORDER OF DISMISSAL-**         **2**

**IT IS SO ORDERED**. The District Executive shall forward copies of this order to the Plaintiff at his Yakima County Jail mailing address and at his address listed on his October 17, 2014 letter: 3406 3rd St., Union Gap, WA, 98905.

**DATED** this ___5th___ of November, 2014.

*s/Lonny R. Suko*
LONNY R. SUKO
Senior United States District Judge

**ORDER OF DISMISSAL-**            3